IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL MANLEY, | ) |
| | ) CIVIL ACTION NO.: 2:25-cv-6412 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| SPREAD BAGELRY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Samuel Manley, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Spread Bagelry, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and 28 U.S.C. §§1331 and 1343, as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act ("PHRA").

2. This Honorable Court has jurisdiction to hear Plaintiff's pendent state law claim pursuant to 28 U.S.C. § 1367, as his state-law claims arise from the same transactions and occurrences as his federal claims.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of

this action were committed in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

4. On or about August 28, 2023, Mr. Manley filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"), which was docketed as Charge No. 530-2024-08951. The filing included instructions for the EEOC to dual file his discrimination claims with the Pennsylvania Human Relations Commission.

5. Mr. Manley has been advised of his individual right to bring a civil action against Defendant through receipt of a Dismissal and Notice of Right from the EEOC, dated September 11, 2025.

6. Mr. Manley has exhausted all administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## THE PARTIES

7. Plaintiff, Samuel Manley ("Mr. Manley") is an adult African American individual residing in Philadelphia, Philadelphia County, Pennsylvania.

8. Defendant, Spread Bagelry, Inc., ("Spread Bagelry") is a Pennsylvania corporation with a primary business address of 262 South 20th Street, Philadelphia, Pennsylvania 19103.

9. At all times relevant to this Complaint, Spread Bagelry owned and maintained a restaurant location at 40 Skippack Pike, Ambler, Montgomery County, Pennsylvania 19002.

10. At all times relevant to this Complaint, Spread Bagelry employed in excess of fifteen (15) employees, including Mr. Manley, making Spread Bagelry an "employer" as defined under Title VII.

**STATEMENT OF FACTS**

11. In or around May 2024, Mr. Manley was hired by Spread Bagelry as a Cook at its restaurant establishment located at 40 Skippack Pike, Amber, PA 19002 (the "Ambler location").

12. As a Cook, Mr. Manley was responsible for ensuring food safety and cleanliness, as well as working with other team members to maintain operational efficiency.

13. At all times during his employment with Spread Bagelry, Mr. Manley was a hard-working, qualified employee and performed his job at an above-satisfactory level.

14. During his first week of employment at the Ambler location, Mr. Manley was scheduled to work with Coworker and Barista, Sofia Mangle ("Ms. Mangle").

15. Mr. Manley is an adult, Black African-American (race) male.

16. Ms. Mangle is an adult, Caucasian (race) female.

17. Throughout his employment with Spread Bagelry, Mr. Manley endured discrimination and harassment by his coworker Ms. Mangle, because of his race.

18. During Mr. Manley and Ms. Mangle's first shift working with one another Ms. Mangle informed Mr. Manley that her family does not respect black people.

19. Soon thereafter, Mr. Manley made a good-faith report of Ms. Mangle's racially disparaging statement to his District Manager, Ben (last name unknown).

20. Mr. Manley is aware of a former African American employee at the Ambler location who made similar complaints of race discrimination to this District manager about Ms. Mangle.

21. Following this report of race discrimination, Spread Bagelry never followed up with Mr. Manley about Ms. Mangle's discriminatory behavior.

22. Due to Spread Bagelry's failure to address his complaint, Mr. Manley was subjected to further harassment by Ms. Mangle.

23. For example, Ms. Mangle told Mr. Manley she did not believe that African American men know how to take care of themselves, and that they should consider themselves lucky if white women gave them their time.

24. Mr. Manley continued to make good faith reports of this racially hostile work environment.

25. On or about August 14, 2024, Spread Bagelry assigned Emily Buckman ("Ms. Buckman"), a new Area Manager, to oversee the Ambler location.

26. In hopes that his reports of Ms. Mangle's harassment would finally be addressed, Mr. Manley reinstated to Ms. Buckman his previously issued complaints of Ms. Mangle's offensive and unwelcome racial harassment.

27. After making this report to Ms. Buckham, Ms. Mangle made a false complaint to Ms. Buckman that Mr. Manley was "aggressive" toward her, a negative stereotype often attributed to African American men.

28. On or about August 18, 2024, Mr. Manley's employment with Spread Bagelry was terminated, just days after Mr. Manley reported race discrimination and harassment to Ms. Buckham.

29. Following Mr. Manley's termination, Ms. Mangle maintained her employment with Spread Bagelry.

30. Mr. Manley's termination was unlawful retaliation for engaging in the protected activity of reporting unlawful racial discrimination and harassment, all of which violated his

4

federal rights under Section 1981, Title VII and the PHRA.

## COUNT I

## TITLE VII VIOLATION
*Race Discrimination*

31. All prior paragraphs are incorporated herein as if set forth fully below.

32. Spread Bagelry violated Title VII by discriminating against Mr. Manley on the basis of his race (African American) resulting in his termination.

33. As a consequence of Spread Bagelry's discriminatory actions, Mr. Manley was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

34. As a result of Spread Bagelry's discriminatory actions, Mr. Manley has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

35. The actions of Spread Bagelry set forth above constitute violations of Mr. Manley's federal civil rights under Title VII

WHEREFORE, Plaintiff, Samuel Manley, seeks damages against Defendant, Spread Bagelry, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II

## TITLE VII VIOLATION
*Hostile Work Environment - Race*

36. All prior paragraphs are incorporated herein as if set forth fully below.

37. Mr. Manley was subjected to a hostile work environment on the basis of his African American race in violation of Title VII, as described above.

38. The hostile work environment to which Mr. Manley was subjected would have detrimentally affected any reasonable person in his position.

39. Spread Bagelry's failure to maintain a workplace free from a hostile work environment on the basis of race and skin color was intentional, malicious, and in reckless indifference to Mr. Manley's protected federal rights.

40. At all times relevant and material to this Complaint, Mr. Manley was a member of a protected class.

41. As a result of Spread Bagelry's actions, Mr. Manley had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before his family and friends, as well as sustained economic losses.

42. Mr. Manley has suffered and continues to suffer irreparable harm as a result of Spread Bagelry's violation of his protected federal rights.

**WHEREFORE**, Plaintiff, Samuel Manley, seeks the damages against Defendant, Spread Bagelry, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

### COUNT III

### 42 U.S.C. § 1981 VIOLATION
*Race Discrimination*

43. All prior paragraphs are incorporated herein as if set forth fully below.

44. At all times relevant herein, Mr. Manley maintained or sought to maintain a contractual relationship with Spread Bagelry (i.e., an employment relationship).

45. At all times relevant herein, Spread Bagelry acted by and through its agents, servants, and employees to intentionally discriminate against Mr. Manley on the basis of his African American race and thereby deny him the benefits of the contractual relationship he had entered into with Spread Bagelry.

46. As a consequence of Spread Bagelry's discriminatory actions and failures to act, Mr. Manley was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

47. As a result of Spread Bagelry's discriminatory actions, Mr. Manley has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

48. The actions of Spread Bagelry set forth above constitute violations of Mr. Manley's federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Samuel Manley seeks damages against Defendant, Spread Bagelry, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT IV

### 42 U.S.C. § 1981 VIOLATION
*Hostile Work Environment - Race*

49. All prior paragraphs are incorporated herein as if set forth fully below.

50. Mr. Manley was subjected to a hostile work environment on the basis of his African American race and skin color in violation of Title VII, as described above.

51. The hostile work environment to which Mr. Manley was subjected would have detrimentally affected any reasonable person in his position.

52. Spread Bagelry's failure to maintain a workplace free from a hostile work environment on the basis of race and skin color was intentional, malicious, and in reckless indifference to Mr. Manley's protected federal rights.

53. At all times relevant and material to this Complaint, Mr. Manley was a member of a protected class.

54. As a result of Spread Bagelry's actions, Mr. Manley has had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before his family and friends, as well as sustained economic losses.

55. Mr. Manley has suffered and continues to suffer irreparable harm as a result of Spread Bagelry, Inc. violation of his protected federal rights.

**WHEREFORE**, Plaintiff, Samuel Manley, seeks the damages against Defendant, Spread Bagelry Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT V

## PHRA VIOLATION
*Race Discrimination*

56. All prior paragraphs are incorporated herein as if set forth fully below.

57. This is an action arising under the provisions of the PHRA, and this Court has, and should exercise, pendant jurisdiction over the same because the causes or actions complained of in this Count V arise out of the same facts, events and circumstances as Counts I and III, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

58. By discriminating against Mr. Manley on the basis of race, Spread Bagelry violated

the provisions of 43 P.S. § 955 which prohibit discrimination based upon race and national origin.

59. As more fully set forth in Counts I and III, Mr. Manley has suffered directly and solely as a result of Spread Bagelry's actions, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Samuel Manley seeks damages against Defendant, Spread Bagelry, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### COUNT VI

### PHRA VIOLATION
*Hostile Work Environment – Race*

60. All prior paragraphs are incorporated herein as if set forth fully below.

61. Mr. Manley was subjected to harassment (a hostile work environment) on the basis of his African American race in violation of the PHRA.

62. The race-based harassment (a hostile work environment) to which Mr. Manley was subjected would have detrimentally affected any reasonable person in his position.

63. Spread Bagelry's failure to maintain a workplace free from harassment (a hostile work environment) on the basis of race and skin color was intentional, malicious, and in reckless indifference to Mr. Manley's protected federal rights.

64. At all times relevant and material to this Complaint, Mr. Manley was a member of a protected class.

65. As a result of Spread Bagelry's actions, Mr. Manley had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule, and embarrassment before his family and friends, as well as sustained economic losses.

66. Mr. Manley has suffered and continues to suffer irreparable harm as a result of Spread Bagelry's violation of his protected federal rights.

**WHEREFORE**, Plaintiff, Samuel Manley, seeks the damages against Defendant, Spread Bagelry, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Samuel Manley, prays that the Court enter judgment in his favor and against the Defendant, Spread Bagelry, Inc., and that the Court enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of his race, color, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race or color and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages pursuant to Section 1981;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

**DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a jury trial.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated:  November 13, 2025

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esquire
PA I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg, Esquire
PA I.D. #: 83410
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan, Esquire
PA I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley, Esquire
PA I.D. #: 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*